UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRINCE FRANKLIN TSETSE,

       Plaintiff,

   v.

OAKLAND POLICE DEPARTMENT, et al.,

       Defendants.

Case No.  15-cv-01909-DMR  (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Prince Franklin Tsetse, currently in custody at the Santa Rita Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. 1.  Plaintiff has consented to magistrate judge jurisdiction in this matter.  Dkt. 1 at 4.  His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

For the reasons outlined below, the complaint is DISMISSED WITH LEAVE TO AMEND.

## BACKGROUND

Plaintiff alleges that Defendants Oakland Police Department as well as Oakland Police Officers Calonge and Baker violated his constitutional rights.  Specifically, Plaintiff claims that on April 16, 2014, Defendants Calonge and Baker did not read him his *Miranda* rights at his arrest and "used excessive force" causing him "pain and suffering."  Dkt. 1 at 3.  Plaintiff seeks monetary damages.

## DISCUSSION

### I.  STANDARD OF REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901

1   F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

2   two elements:  (1) that a right secured by the Constitution or laws of the United States was

3   violated and (2) that the violation was committed by a person acting under the color of state law.

4   *See West v. Atkins*, 487 U.S. 42, 48 (1988).

5         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

6   claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  "Specific facts are

7   not necessary; the statement need only give the defendant fair notice of what the . . . claim is and

8   the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and

9   internal quotation marks omitted).  Although in order to state a claim, a complaint

10              does not need detailed factual allegations, . . . a plaintiff's obligation
               to provide the grounds of his entitle[ment] to relief requires more
11             than labels and conclusions, and a formulaic recitation of the
               elements of a cause of action will not do . . . .  Factual allegations
12             must be enough to raise a right to relief above the speculative level.

13  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations and internal quotation

14  marks omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible

15  on its face."  *Id.* at 570.

16  II.    **LEGAL CLAIMS**

17        As explained above, in his complaint, Plaintiff states that Defendants Calonge and Baker

18  "used excessive force" against him during his arrest on April 16, 2014.  This is the only allegation;

19  no more facts are provided.  Such a bare allegation is not sufficient to state a "plausible" claim that

20  Plaintiff's constitutional rights were violated.  *See Twombly*, 550 U.S. at 570.  The complaint will

21  be dismissed with leave to amend.

22        In amending, Plaintiff should provide enough facts to explain, for instance, in what way

23  the aforementioned Defendants used excessive force against him.  Plaintiff should also explain at

24  what time and where the use of excessive force took place, and elaborate on what particular

25  injuries he suffered as a result of the use of force.  The court considers only claims of violations of

26  federal law, usually the constitution, so Plaintiff must allege facts sufficient to show that the action

27  he is complaining of rises to the level of a constitutional violation.

28        The court again points out that Defendants Calonge and Baker are the officers named in

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    the complaint.  If Plaintiff is attempting to hold an individual liable, he must allege facts showing

2    what that individual did that violated his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628,

3    634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; plaintiff must instead "set

4    forth specific facts as to each individual defendant's" actions which violated his or her rights).

5    There is no respondeat superior liability in Section 1983 cases; therefore a supervisor cannot be

6    held liable just because he or she is in charge.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

7    1989).  Accordingly, Plaintiff's claims against Defendants Calonge and Baker are DISMISSED

8    with leave to amend to correct the aforementioned deficiencies of the excessive force claim

9    against these Defendants.  Plaintiff will be given leave to amend the complaint to set forth

10   additional facts regarding the alleged use of force, and to set forth specific facts showing that these

11   Defendants' actions proximately caused a violation of Plaintiff's constitutional rights, provided he

12   can do so in good faith.

13           Plaintiff has not alleged grounds for municipal liability against Defendant Oakland Police

14   Department based on any theory other than that of respondeat superior.  This is not a sufficient

15   ground for municipal liability.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)

16   (local governments cannot be liable under section 1983 under respondeat superior theory).

17   Accordingly, Plaintiff's claim against Defendant Oakland Police Department is also DISMISSED

18   with leave to amend.  If Plaintiff can in good faith assert facts which state constitutionally

19   cognizable claims for relief against this municipal Defendant he may include them in his amended

20   complaint.

21           Finally, to the extent that Plaintiff's allegation regarding the arresting officers' failure to

22   read him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) amounts to a claim that they

23   violated his Fifth and Fourteenth Amendment rights, the Court finds that this claim cannot proceed

24   because it is construed as a claim to recover damages for an allegedly unconstitutional conviction

25   or imprisonment.  Such a claim is legally meritless at this time because it is barred by the rule of

26   *Heck*, which provides that one may not bring an action for damages under Section 1983 for a

27   wrongful conviction unless that conviction has been determined to be wrongful.  *See Heck v.*

28   *Humphrey*, 512 U.S. 477, 486-87 (1994).  A conviction may be determined to be wrongful by, for

example, being reversed on appeal or being set aside when a state or federal court issues a writ of

habeas corpus.  *See id.*  The *Heck* rule also prevents an inmate from bringing an action that -- even

if it does not directly challenge the conviction -- would imply that the conviction was invalid.  The

practical importance of this rule is that the conviction cannot be attacked in the Section 1983

action for damages; the conviction must have been successfully attacked before the Section 1983

action for damages is filed.  Plaintiff has not alleged that he has been successful in challenging his

conviction.  Therefore, Plaintiff's claim that Defendants did not read him his *Miranda* rights fails

to state a cognizable claim under Section 1983 and is DISMISSED.  To the extent Plaintiff wants

to challenge his conviction,  his sole remedy is to file a petition for writ of habeas corpus,  *Preiser*

*v. Rodriguez*, 411 U.S. 475, 500 (1973), after he exhausts state judicial remedies, *Granberry v.*

*Greer*, 481 U.S. 129, 134 (1987).

## III.     EXHAUSTION

Another question which must be answered before Plaintiff can proceed with any claims for

monetary damages is whether he has exhausted available administrative remedies with respect to

his claims.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Under this section, an action must be dismissed unless the prisoner exhausted his available

administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is

pending.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other

wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is

mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and

effective."  *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the

prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion

United States District Court
Northern District of California

is a prerequisite to suit.  *Id.* at 741.  The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record.  *See Porter*, 534 U.S. at 525.

A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies.  *Id.*

On Plaintiff's complaint form, when asked whether he "present[ed] the facts of [his] complaint for review through the grievance procedure," he answered, "No."  Dkt. 1 at 1.  He further states, "This is not a grievance issue."  *Id.*  It thus appears from the face of the complaint that he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  Therefore, his claims are subject to dismissal.  If Plaintiff did exhaust his administrative remedies with respect to his claims before filing this action, he may amend his complaint to so allege, as set forth below.  Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative remedies.  *See McKinney*, 311 F.3d at 1199-1201.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1.      The complaint is DISMISSED WITH LEAVE TO AMEND.  Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file an amended complaint correcting the deficiencies of his claims as set forth above.  Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 15-1909 DMR (PR) -- on the form, clearly label it "Amended Complaint," and complete all sections of the form.  Because this amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original complaint by reference.  He must also specify whether he exhausted or was prevented from exhausting his administrative remedies with respect to any or all of those claims before filing this action.  Plaintiff's failure to

file an amended complaint by the twenty-eight day deadline will result in the dismissal of this action without prejudice.

       2.     Plaintiff's claim that Defendants did not read him his *Miranda* rights is DISMISSED for failure to state a cognizable claim under Section 1983.

       3.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

       4.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

       5.     The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

       IT IS SO ORDERED.

Dated:  October 5, 2015

_____
DONNA M. RYU
United States Magistrate Judge

*United States District Court*
*Northern District of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRINCE FRANKLIN TSETSE,

                 Plaintiff,

      v.

OAKLAND POLICE DEPARTMENT AND AGENCY,

                 Defendant.

Case No.  4:15-cv-01909-DMR

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on October 5, 2015, I SERVED a true and correct copy(ies) of the attached Order and Blank Civil Rights form, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Prince Franklin Tsetse ID: PFN BKB 201
Santa Rita Jail
5325 Broder Blvd
Dublin, CA 94568

Dated: October 5, 2015

                Susan Y. Soong
                Clerk, United States District Court

                By:_____
                Ivy Lerma Garcia, Deputy Clerk to the
                Honorable DONNA M. RYU